**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **FREDY RAXTUN SERECH,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**TODD BLANCHE, et al.,**<br><br>**Respondents.** | **Civil Action No. 26-12964 (SDW)**<br><br>**OPINION** |

**IT APPEARING THAT:**

1. Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Fredy Raxtun Serech, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Delaney Hall Detention Facility, New Jersey. (ECF No. 1).

2. Petitioner is a citizen of Guatemala who entered the United States in 2008. (ECF No. 1 ¶ 18).

3. Petitioner was detained by ICE on September 30, 2026. (*Id.* ¶ 22).

4. That same day, ICE made an initial custody determination pursuant to 8 U.S.C. § 1226(a) concluding that Petitioner was to be detained. (ECF No. 5-3 at 1). Petitioner requested a review of that determination by an immigration judge but refused to sign the form. (*Id.*)

5. This Petition followed on October 4, 2026. (ECF No. 1). Petitioner argues that he was illegally detained pursuant to 8 U.S.C. § 1225(b)(2) and arrested without a warrant. (*Id.* ¶¶ 30-45).

6. Respondents filed an answer on October 14, 2026 stating that Petitioner was being detained pursuant to § 1226(a) and may request a bond hearing. (ECF No. 5 at 3).

7. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

8. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process. Therefore, this Court has habeas jurisdiction over his claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

9. Petitioner alleges that he was arrested without a warrant in violation of § 1226(a). (ECF No. 1 ¶ 40).

10. A Notice to Appear initiating removal proceedings and a warrant citing the Notice to Appear were issued on September 30, 2026. (ECF No. 5-1; ECF No. 5-4). According to the Form I-213, Petitioner "was informed of his outstanding warrant with ICE" prior to his arrest. (ECF No. 5-2 at 2). This implies that the warrant was issued prior to Petitioner's arrest.

11. Even if the warrant was not issued prior to Petitioner's arrest, he would not be entitled to release because "[f]ollowing the signing of the warrant for arrest, Petitioner's detention has been pursuant to the warrant, and he is currently in custody pursuant to § 1226(a)." *Cocha Cocha v. Tsoukaris*, No. 26-cv-9857, 2026 WL 2806733, at *2 (D.N.J. Sept. 18, 2026); *see also Par v. Jamison*, No. 26-cv-3504, 2026 WL 1603299 at * 3-4 (E.D. Pa. June 4, 2026) (denying petitioner's challenge to a warrantless arrest, when Petitioner was subsequently lawfully detained under 8 U.S.C. § 1231); *Fernando C.C. v. Bondi*, No. 26-cv-1235, 2026 WL 446408 at * 5 (D.

Minn. Feb. 17, 2026) (finding because a warrant was issued within hours of petitioner's arrest, that warrant "authorized [petitioner's] continued detention pursuant to the discretionary detention framework of Section 1226(a)").

12. "Respondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)." *Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026); *see also Demore v. Kim*, 538 U.S. 510, 523 (2003) ("Deportation proceedings would be vain if those accused could not be held in custody pending the inquiry into their true character." (cleaned up)); *Velasco Lopez v. Decker*, 978 F.3d 842, 848 (2d Cir. 2020) ("Detention during removal proceedings is a constitutionally valid aspect of the deportation process.")

13. "[T]he creation of statutory rights associated with a given immigration status falls exclusively within the purview of Congress ...." *Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 172 (3d Cir. 2018). Section 1226 and its implementing regulations require the Department to "provide detainees with a 'prompt bond hearing.'" *Zheng*, 826 F. Supp. 3d at 554 (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)). "Not only do the statute and federal regulations require a bond hearing, the Constitution does as well." *Id.*

14. On the Notice of Custody Determination form, the box for "I **do** request an immigration judge review this custody determination" has been checked. (ECF No. 5-3 at 1 (emphasis in original)). Petitioner refused to sign the page. (*Id.*) It does not appear that a hearing has been scheduled.

15. Although this Court concludes that release is not an appropriate remedy, it will grant the Petition to the extent that a bond hearing must be scheduled.[1]

16. An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated: October 29, 2026

[1] Petitioner asserts that Respondents should carry the burden of proof at any bond hearing. (ECF No. 6 at 3). "[U]nder § 1226(a) the burden remains on the detainee at all times." *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018).